UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Northern State Bank of Virginia,	Civil No. 11-00003 (SRN/LIB)

      Plaintiff,	ORDER

v.

Thomas A. Friend, John Doe and Mary Doe,

      Defendants

---

Shawn M. Dunlevy, Fryberger, Buchanan, Smith & Frederick, PA, 302 West Superior Street, Suite 700, Duluth, Minnesota 55802, for Plaintiff

Thomas A. Friend, c/o 2347 Chisholm Road, Gheen, Minnesota 55792, Pro Se

---

SUSAN RICHARD NELSON, United States District Court Judge

    This matter is before the Court on Defendant Thomas A. Friend's Motion to Dismiss Without Prejudice [Doc. No. 5]. For the reasons set forth herein, Defendant's motion is denied without prejudice and this matter is remanded to state court.

**I.     BACKGROUND**

    This matter arises out of a Minnesota State court eviction action related to property in Virginia, Minnesota. Plaintiff Northern State Bank of Virginia ("NSB") made loans to Defendant Thomas A. Friend secured by a mortgage. Friend defaulted on the mortgage and NSB foreclosed on the mortgage. Through a March 8, 2010 letter, NSB provided notice to Friend that a default had occurred (Letter of 3/8/10 from B. Knutson to T. Friend, Ex. 1 to Affidavit of Shawn M. Dunlevy.), eventually leading to a sale of the property at public auction by the St.

Louis County Sheriff's Office. The successful bidder was NSB. The redemption period expired without redemption by Friend. Thus, on December 17, 2010, NSB brought an eviction action against Friend in the Minnesota District Court in St. Louis County, captioned <u>Northern State Bank of Virginia v. Thomas A. Friend, John Doe and Mary Roe</u>, 69VI-CV-10-899. (Dunlevy Aff. ¶¶ 1-5, Ex. 6.)

Friend subsequently mailed to NSB and its counsel a variety of correspondence, invoking admiralty law by asserting a self-styled "international commercial claim within the admiralty administrative remedy," as well as the Uniform Commercial Code, and returning much of NSB's correspondence with Friend's handwritten notations stating "refused for cause," often accompanied by a thumb print in red ink. (<u>Id.</u> ¶ 10, Exs. 12-22.) Counsel for NSB responded on three occasions, acknowledging its receipt of Friend's communications, but noting that Friend's legal references were misplaced and without legal meaning or consequence in the foreclosure and eviction proceedings. (<u>Id.</u> ¶ 11, Exs. 23-25.) In addition, counsel for NSB recommended that Friend obtain counsel if he had any questions about his legal rights. (<u>Id.</u>)

On December 28, 2010, an eviction hearing was held before St. Louis County District Court Judge James Florey, at which Friend appeared in person. (<u>Id.</u> ¶ 6, Ex. 8.) On January 4, 2011, the district court issued a Writ of Recovery of Premises and Order to Vacate, which the Sheriff's Officer personally served on Friend that day. (<u>Id.</u>, Exs. 9 & 10.) On January 12, 2011, the Sheriff's Office executed the writ, causing the property to be vacated. (<u>Id.</u>, Ex. 11.) The docket for the state court action indicates that the case is closed. (See <u>Northern State Bank of Virginia v. Thomas A. Friend, John Doe and Mary Roe</u>, 69VI-CV-10-899, Minnesota District Court, Sixth District.)

On January 3, 2011, Friend filed a Notice of Removal in this Court. While the notice referenced the state court eviction action and file number, Friend changed the caption of the case to make it appear as though he had been the plaintiff in the underlying action and the bank had been the defendant. In addition, he added NSB's legal counsel and bank president as defendants, as well as Judge Florey, captioning the removal pleading, "<u>Thomas Alan Friend v. Northern State Bank of Virginia, Matthew Henry Hanka, John Doe & Mary Roe, Shawn M. Dunlevy, John Doe & Mary Roe, James B. Florey, Kurt Gregory Sundquist, et al.</u>" (Notice of Removal, Doc. No. 1.) Subsequently, on January 11, 2011, Friend filed an Amended Notice of Removal, essentially identical to the first, but bearing a caption comporting with the state court action, i.e., <u>Northern State Bank of Virginia v. Thomas A. Friend, John Doe and Mary Roe</u>. In the notices of removal, both of which are approximately 80 pages long, Friend purportedly asserts nearly incomprehensible counterclaims, including bank fraud, RICO and violations of 42 U.S.C. § 1983. The removal notices also contain unsupported and incoherent statements and allegations involving, for example, a criminal investigation in the state of Florida and a bankruptcy proceeding in Arizona. (<u>See</u> Doc. Nos. 1 & 2.)

On January 19, 2011, Friend filed the instant Motion to Dismiss without Prejudice (Doc. No. 5), which presumably refers to the removal proceedings which he himself initiated. Friend simply states, "At this time I claim all my rights and waive none for any cause of reason at law and equity and including my rights to council [sic] of my choice under the sixth amendment and my right to time." (Friend's Mot. to Dismiss at 3.) His stated reason for seeking dismissal without prejudice is "IMPROPER AFFIDAVIT OF SERVICE!" (<u>Id.</u>) (emphasis in original.)

In its response, NSB argues that this Court lacks subject matter jurisdiction over this

matter, as it was an eviction proceeding in state court, involving non-diverse Minnesota citizens. Moreover, NSB contends that the original Notice of Removal, which identifies Friend as the plaintiff and NSB as a defendant, along with other non-parties to the state court action, is not subject to removal to this Court, because it is not an action that existed in state court. Thus, NSB argues that this matter should be remanded to state court.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action brought in state court to federal court if the action is one over which the federal district court had original jurisdiction. A defendant seeking to remove must include a short and plain statement of the grounds for removal, and include a copy of all process, pleadings, and orders served on the defendant in the notice of removal. 28 U.S.C. § 1446(a). The defendant must file the notice of removal within thirty days after the receipt of the initial pleading, "through service or otherwise." Id. § 1446(b).

Whether removal to federal court is proper depends on whether the claim in question falls within the scope of the district court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship. 28 U.S.C. §§ 1331; 1332. Federal question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Removal statutes are strictly construed, with any questions about the propriety of removal resolved in favor of state court jurisdiction. Transit Cas. Co. v. Certain Underwriters at Lloyd's

of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998). Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Where subject matter jurisdiction is lacking, the federal court must remand the matter: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

Although Defendant Friend brings the instant motion as a motion to dismiss, the Court must address the issue of subject matter jurisdiction at the outset. Arnold v. Wood, 238 F.3d 992, 994 (8th Cir.2001) ("We must resolve outstanding questions of jurisdiction before proceeding to analyze the merits. It is our obligation to notice jurisdictional infirmities, whether the parties notice them or not.") (citations omitted). The original Notice of Removal filed by Friend (Doc. No. 1) is ineffective, as it purports to remove a non-existent cause of action, and seeks to reverse the plaintiffs and defendants and to add parties. The Court generously construes Friend's Amended Notice of Removal (Doc. No. 2) as the operative notice, as the case caption in that notice mirrors the state court caption and does not add additional parties.

"Federal-question jurisdiction exists when 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Biscanin v. Merrill Lynch & Co., 407 F.3d 905, 906 (8th Cir. 2005) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). Federal jurisdiction may be invoked only where the federal question is presented on the face of the plaintiff's 'well-pleaded complaint." Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005). Although on the civil cover sheet for this action Friend indicates that the cause of action originates under 42 U.S.C. § 1983 and RICO, these claims were

not part of NSB's well-pleaded state court complaint. Instead, the state court case involved an eviction proceeding. See Minn. § 504B.321; Eviction Summons, Ex. 6 to Dunlevy Aff. The eviction proceeding does not present a federal question. Id.; LaSalle Bank Nat'l Assoc. v. McCauley, No. 10-CV-1338 (JRT/JSM), 2010 WL 3724387, *3 (D. Minn. Aug. 20, 2010) (Report & Recommendation) (finding that state court eviction action did not involve a federal question), adopted, 2010 WL 3724383 (D. Minn. Sept. 15, 2010). While Friend apparently wishes to bring bank fraud, RICO and § 1983 counterclaims against NSB that purportedly raise a federal question, a defendant cannot remove to federal court based on a counterclaim. Duckson, Carlson, Basinger, LLC v. The Lake Bank, N.A., 139 F.Supp.2d 1117, 1118 (D. Minn. 2001) (holding that a defendant cannot remove based on a counterclaim); JP Morgan Chase Bank, N.A. v. Richards, 10-MC-25 (ADM/JJL), 2010 WL 3119498, at *3 (D. Minn. July 20, 2010) (Report & Recommendation) (finding that defendants could not remove based on an antitrust counterclaim, stating, "Other than bare references to various statutes purporting to invoke this Court's federal question jurisdiction, the notice and amended notice contain little more than legalistic gibberish that plainly do not state a basis for bringing this to a federal forum."), adopted, 2010 WL 3119893 (D. Minn. Aug. 6, 2010).

Friend also notes on the civil cover sheet that the basis for this Court's jurisdiction is diversity, yet his amended notice contains insufficient allegations of the parties' citizenship. If anything, the Amended Notice of Removal supports the conclusion that the parties are non-diverse.[1]

---

[1] Friend lists the parties' addresses, which are in Minnesota. (Amended Notice of Removal at 2, Doc. No. 2.)

The Court concludes that this case should be remanded to state court due to the lack of subject matter jurisdiction. Because the Court entirely lacks subject matter jurisdiction over this action, it cannot consider Friend's Motion to Dismiss Without Prejudice on the merits. Defendant Friend's Motion to Dismiss Without Prejudice is therefore denied without prejudice and the case purportedly removed by this action is remanded to St. Louis County District Court. The Court observes, however, that removing this matter to St. Louis County District Court will not leave anything for that court to adjudicate because the eviction case has proceeded to final judgment.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant Thomas A. Friend's Motion to Dismiss Without Prejudice [Doc. No. 5] is **DENIED WITHOUT PREJUDICE**; and

2. The case purportedly removed by this action is **REMANDED** to St. Louis County District Court.

Dated: March 29, 2011

                                                     s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Court Judge